IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






Nos. PD-1265-05; PD-1266-05; PD-1267-05





JOHN WESLEY SMITH, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


JEFFERSON COUNTY





 Per curiam.


O P I N I O N



 Appellant plead guilty to three separate indictments for forgery and was placed on
deferred adjudication community supervision. The trial court later revoked his community
supervision, adjudicated him guilty, and sentenced him to confinement for 18 months for
each offense. The sentences were cumulated. Appellant filed a timely notice of appeal. The
trial court certified that this was a plea bargain case and the defendant had no right to appeal. 
The court of appeals dismissed the appeals for want of jurisdiction. Smith v. State, No. 09-05-192-CR; 09-05-193-CR; 09-05-193-CR; (Tex. App.- Beaumont, June 29, 2005). 
Appellant petitioned this court for discretionary review asserting that the court of appeals
erred when it determined that it lacked jurisdiction to review this matter and dismissed the
appeal.

 The court of appeals notified the parties that the appeals would be dismissed unless
amended certifications were filed. The court of appeals held that the appeals must be
dismissed because no certifications showing the right to appeal had been made part of the
record. The court of appeals accordingly dismissed the appeal for want of jurisdiction. 

 In light of our recent decision in Hargesheimer v. State, ___ S.W.3d ___ (Tex. Crim.
App. No. PD-1610-04, delivered January 18, 2006), we will remand this case to the Court
of Appeals. In Hargesheimer we addressed the relationship between Rule 25.2(a)(2) and Art.
42.12, § 5(b). We held that when a defendant appeals from an adjudication proceeding under
Art. 42.12, § 5(b), Rule 25.2(a)(2) will not restrict appeal; although we also noted that Art.
42.12, § 5(b) will still prohibit the appeal of the trial court's decision to adjudicate guilt. Id.
at ___, slip op. at 14. The Court of Appeals in the instant case did not have the benefit of our
opinion in Hargesheimer. Accordingly, we grant review of Appellant's petitions for
discretionary review, vacate the judgments of the Court of Appeals, and remand the cases to
that court in light of our decision in Hargesheimer.

En banc

Delivered: May 3, 2006

Do Not Publish